# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 16-9663 PA (Ex) | Date | October 23, 2017 |
|---|---|---|---|
| Title | Mynor F. Portillo v. J.D. Mellberg Financial of Texas, L.L.C., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - ORDER TO SHOW CAUSE

    Before the Court is the First Amended Complaint ("FAC") filed by plaintiff Mynor F. Portillo ("Plaintiff") against defendant Joshua D. Mellberg, LLC ("Defendant") and multiple Doe defendants. (Docket No. 19.)

    Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." L.R. 8-1. Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. See Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

    Plaintiff's FAC alleges that the Court possesses diversity jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (See FAC ¶ 4.) CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. § 1332(d)(2), (d)(5).

    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). In a CAFA action, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-9663 PA (Ex) | Date | October 23, 2017 |
|---|---|---|---|
| Title | Mynor F. Portillo v. J.D. Mellberg Financial of Texas, L.L.C., et al. | | |

Here, Plaintiff alleges that he "is a resident of this District" and that he was "located in California" at times relevant to this action. (FAC ¶¶ 1, 7.) The Complaint does not identify Plaintiffs' state of domicile or citizenship. Because an individual is not necessarily a citizen of his state of residence, the Complaint fails to adequately allege Plaintiff's citizenship. Moreover, Plaintiff sought to represent a class of certain "persons located in California." (Id. ¶ 10 (emphasis added).)[1/] Plaintiff's offered class definition does not provide any information about the putative class members' citizenship and therefore does not assist the Court in determining whether CAFA's minimal diversity requirement is satisfied.

Plaintiff's allegations also fail to establish Defendant's citizenship. Plaintiff alleges only that Defendant "is an Arizona limited liability corporation that does business in California." (FAC ¶ 2.) Elsewhere, Plaintiff alleges that Defendant "is licensed to do business in the State of California." (Id. ¶ 5.) It is not clear from the FAC if Plaintiff intended to allege that Defendant is a corporation or a limited liability company ("LLC"). However, under CAFA, whether incorporated or not, Defendant is deemed a citizen of both the state of its principal place of business and the state under whose laws it is organized for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1), (d)(10). Plaintiff appears to allege only the latter. For this additional reason, the Court is unable to ascertain whether it has subject matter jurisdiction over this action.

Despite these deficiencies a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See 28 U.S.C. § 1653; Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1555 (9th Cir. 1987). Therefore, the Court grants Plaintiff leave to amend the FAC to attempt to establish federal subject matter jurisdiction. Plaintiff's Second Amended Complaint, if any, is to be filed by November 6, 2017. The failure to file a Second Amended Complaint by that date, or to adequately allege the Court's jurisdiction, may result in the dismissal of this action without prejudice.

IT IS SO ORDERED.

---

[1/] In a separate Minute Order, the Court is striking from the FAC Plaintiff's class allegations due to Plaintiff's failure to timely file a motion for class certification. Striking the class allegations does not deprive this Court of subject matter jurisdiction if the Court had jurisdiction under CAFA when the case was filed. See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co., 602 F.3d 1087, 1091-92 (9th Cir. 2010) (stating that "Congress intended that the usual and long-standing principles apply—post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing").